Benjamin Brenner, J.
This action was settled during trial for a substantial sum and plaintiffs now submit a proposed order of compromise providing that the moneys in excess of $10,000 be deposited in various savings banks in the name of the guardian ad litem jointly with officers of said banks and that the filing of a bond by said guardian be dispensed with. The defendant has, on the record, refused to waive the requirements of section 980-u of the Civil Practice Act which seem to support its position that proceeds in excess of $10,000 require the filing of the bond.
I am inclined to construe the section as applying to moneys which are deposited in excess of such sum. It is to be borne in mind that the primary purpose of the bond is to protect the infant and to permit the retention by her of approximately the entire proceeds upon reaching majority. The method, as set out in the order submitted, would certainly accomplish that purpose and more than adequately protect the infant as the money is to be deposited in the name of the guardian ad litem and an officer of the bank with the further safeguard provided in the order that no funds may be withdrawn without further order of the court. In view of all this it seems but fair to interpret section 980-a as meaning that where amounts in excess of $10,000 are not deposited in any one bank the bond need not be filed though the total amount deposited in several banks may exceed $10,000. This $10,000 figure happens to correspond to the limit of a deposit which could be insured by the Federal Deposit Insurance Corporation so that the infant is being protected in every way whether or not the bond is filed. A construction of the statute requiring the filing of a bond would involve payment of premiums *687 at a yearly rate of approximately $400 for a period of 11 years, totaling $4,400 which, when deducted from the infant’s funds, would defeat the very purpose of the statute which is to protect the infant’s proceeds to the greatest degree possible.